UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | : |
| | : |
| RICHARD H. FRIEDBERG, | :          No. 3:13cv1084 (DJS) |
| | : |
| Debtor | : |

RULING AND ORDER

On July 25, 2013, the Debtor, Richard H. Friedberg ("Friedberg" or "the Debtor"), filed a Notice of Appeal in which he seeks to "appeal[] under 28 U.S.C. 158 (a) from the ORDER of the United States Bankruptcy Judge Alan H. W. Shiff the ORDER OF ENTRY OF DEFAULT AGAINST RICHARD H. FRIEDBERG, in ADVERSARY PROCEEDING, CASE NO: 11-05004, DOCKET NO: 117, entered June 20, 2013." (Doc. # 1, at 1). Currently pending before this Court is a motion to dismiss filed by the chapter 7 trustee Melissa Helen Neier ("Neier" or "the Trustee"). For the reasons stated below, the Trustee's motion to dismiss is granted.

BACKGROUND

On December 18, 2008, Friedberg filed a voluntary chapter 11[1] bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut. The Bankruptcy Court approved the appointment of Neier as Trustee on April 30, 2010. The Trustee initiated an adversary proceeding against the Debtor by filing a complaint in the Bankruptcy Court in January 2011.

The trial in the adversary proceeding was scheduled by the Bankruptcy Court for January 16, 2013. In response to a motion for continuance filed by the Debtor, the Bankruptcy Court continued the trial date until June 19, 2013. In June 2013 the Debtor sought an additional

---

[1] In November 2011 the Bankruptcy Court converted the bankruptcy case from a chapter 11 proceeding to a chapter 7 proceeding.

continuance of the trial in the adversary proceeding.[2] This request was objected to by the Trustee. The Trustee also filed a motion for default which was noticed for hearing on the trial date of June 19, 2013. The Debtor did not appear in the Bankruptcy Court on June 19, 2013, although counsel for the Debtor did make an appearance and present argument as to why the Debtor's motion for continuance should be granted. On June 20, 2013, the Bankruptcy Court denied the Debtor's motion for continuance and granted the Trustee's motion for default.[3] The Debtor subsequently filed his Notice of Appeal.

## DISCUSSION

The Trustee's motion to dismiss is based upon her contention that the Bankruptcy Court's order entering a default against the Debtor is an interlocutory order as to which the Debtor failed to seek leave to appeal and thus does not fall within this Court's Bankruptcy Court appeal jurisdiction. The Debtor argues that his appeal relates to the denial of his request for a continuance, which he claims is a final, appealable order, as opposed to the entry of a default against him. District courts have jurisdiction to hear appeals "from final judgments, order and decrees . . . and . . . with leave of the court, from other interlocutory orders and decrees [] of bankruptcy judges . . . ." 28 U.S.C. § 158 (a). Since the Debtor has not sought "leave of the court," the question is whether or not his appeal is from a final order.

The Debtor's Notice of Appeal clearly states that he seeks to "appeal[] under 28 U.S.C. 158 (a) from the ORDER of the United States Bankruptcy Judge Alan H. W. Shiff the ORDER

---

[2]The parties acknowledge that both the Trustee and the Debtor had requested and been granted prior amendments of the pretrial order issued by the Bankruptcy Court.

[3]As of the date of this Ruling and Order the Bankruptcy Court had not entered a default judgment against the Debtor.

OF ENTRY OF DEFAULT AGAINST RICHARD H. FRIEDBERG . . . ." (Doc. # 1, at 1). In the context of an adversary proceeding initiated in the Bankruptcy Court "[t]he entry of default is not an appealable order. Accordingly, a party may not challenge the entry of default in the first instance in an appellate court; rather, a party must first file an appropriate motion in the court where the default was entered." *In re Lam*, 192 F.3d 1309, 1311 (9th Cir. 1999) (citation omitted). Because the entry of default by the Bankruptcy Court was not an appealable order, that order does not fall within this Court's Bankruptcy Court appeal jurisdiction. Accordingly, the Debtor's appeal must be dismissed.

The Debtor's argument that his appeal is from the denial of his request for a continuance of the trial date is, in addition to being contradicted by his own Notice of Appeal, otherwise unavailing. Although he contends that "[t]he matter of the <u>continuance</u> is a final order and falls under the jurisdiction of this Court," (doc. # 12, at 2), he fails to cite any authority in support of his contention. "[A] final order in a bankruptcy case is one that finally resolves a particular proceeding or controversy within the entire bankruptcy proceeding, or conclusively determines a separable dispute over a creditor's claim or priority." *In re Orlan*, 138 B.R. 374, 376-77 (E.D.N.Y. 1992) (internal quotation marks and citations omitted). The denial of a request for a continuance of the trial date is not a final order. *See Day v. Hemar Insurance Corp.*, No. C-93-1983 EFL, 1993 U.S. Dist. LEXIS 9635, at *2 (N.D. Cal. July 1, 1993) ("an order setting a trial date [] is interlocutory, not final, in nature").

CONCLUSION

For the reasons stated above, the Trustees's motion to dismiss (**doc. # 9**) is **GRANTED**.

The Clerk of the Court shall close this file.

**SO ORDERED** this     15th    day of November, 2013.


___/s/ DJS_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**